UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-Civ-60560-COOKE/TURNOFF

PAUL A. JACKSON,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss. (ECF No. 17). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, Defendant's Motion to Dismiss is granted.

### I. BACKGROUND

All of the facts stated herein are set forth in Plaintiff's Complaint. Plaintiff Paul A. Jackson entered into two mortgage loans with WMC Mortgages Corp. The mortgages amount to $212,000.00 and $53,000.00. On December 13, 2006, WMC Mortgages Corp. transferred the mortgages to Wells Fargo Bank, N.A. On September 10, 2010, Plaintiff received notice from Defendant advising him that it was the new servicer of the loans. On September 18, 2010, Plaintiff alleges that he notified Defendant in writing about certain perceived "discrepancies" in its transfer notice. According to Plaintiff, Defendant never responded. On around November 2010, Plaintiff claims that Defendant falsely reported to three credit reporting agencies

(Transunion, Experian, and Equifax) that he had a past due balance on both of his mortgage loans.

On around March 15, 2011, Plaintiff, who is proceeding pro se, filed a four-count complaint with this Court. Count I alleges that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (2011). Count II alleges fraud, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(i)(a)(5), and of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.202. In Count III, Plaintiff claims that Defendant violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g) (2010). The final count of Plaintiff's complaint alleges breach of contract. Plaintiff seeks injunctive relief, compensatory damages in the amount of $125,000.00, and punitive damages on all counts.

Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

## I. LEGAL STANDARD

A motion to dismiss is granted only if the plaintiff's complaint, with all factual allegations accepted as true, "raise[s] a right to relief about the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint must "state a claim to relief that is plausible on its face." *Achcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct." *Id.* While plausibility is not the same as probability, this new plausibility standards asks fore more than a "sheer possibility that defendant acted unlawfully." *Id.* Accordingly, Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*,

551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. While Rule 8 does not require detailed factual allegations, the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).

When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration, when ruling on a motion to dismiss, is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

A litigant's pro se status must be considered alongside the *Twombly and Iqbal* pleading requirements. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94. While pro se pleadings are held to a less stringent standard than those drafted by lawyers, "this liberal construction 'does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Giles v. Wal-mart Distrib. Ctr.*, 359 F. App'x. 91, 93 (11th Cir. 2008) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir 1998)). Pro se litigants are still required to follow the Federal Rules of Civil Procedure. *Giles*, 359 F. App'x. at 93.

## II. ANALYSIS

### A. Count 1- Violation of RESPA, 12 U.S.C. § 2605

Plaintiff alleges that Defendant violated RESPA, 12 U.S.C. § 2605, by (i) failing to provide adequate notice of the loan assignment, and (ii) failing to respond to his written inquiry regarding his mortgage loan. Defendant argues that this Count must be dismissed because Plaintiff fails to allege any violation of § 2605.

As to the first claim, Plaintiff alleges that Defendant sent him a letter stating that his loans were transferred to Defendant for servicing. According to Plaintiff, the letter identified the loans by their respective loan numbers. Plaintiff claims he is entitled to relief under § 2605 because Defendant's transfer statement "failed to identify the Mortgage Loan, with a Mortgage Balance and Monthly Payment to be paid to the new servicer" of the loan.

Pursuant to § 2605(b), a mortgage loan servicer, as transferee of a loan, must notify the borrower in writing when a company assigns or transfers a loan to it for servicing. Section 2605(c)(3), with reference to § 2605(b)(3), provides the content requirements for such notice. Such requirements include the following, for example: (1) effective date of transfer of the loan; (2) the name, address, and telephone number of the transferee servicer; and (3) the date on which the transferee will begin to accept payments. 12 U.S.C. § 2605(b)(3). The statute does not require the servicer to identify in its notice the mortgage balance or the monthly payments that the borrower must pay to the new servicer of the loan.

According to Plaintiff's allegations, Defendant sent him a notice that informed him of the transfer and identified the transferred loans by their respective loan numbers. The deficiencies that Plaintiff identifies in support of his claim are not statutory requirements under § 2605. In other words, the statute does not require that a mortgage loan servicer include in its notice to the

4

borrower any balance or monthly payment information regarding the transferred mortgage loan. Plaintiff does not identify any other RESPA statute that requires Defendant to provide mortgage balance and monthly payment information in its notice to the borrower. Plaintiff has therefore failed to state a claim under RESPA, 12 U.S.C. § 2605, for failure to adequately notify him of a loan assignment or transfer. This claim is dismissed without prejudice. Plaintiff may file an amended complaint identifying any deficiencies in the notice that fail to comply with the content requirements under § 2605(c)(3).

As to his second claim, Plaintiff alleges that, on September 18, 2010, he notified Defendant in writing about "discrepancies" in its transfer notice. Plaintiff claims that Defendant failed to timely respond in violation of 12 U.S.C. § 2605(e)(1)(A), (B).

Section 2605(e)(1)(A) provides that, upon receipt of a "qualified written request" from the borrower, the servicer must provide a written response acknowledging receipt of the correspondence within 20 days. A "qualified written request" is a written correspondence that:

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and  (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

The only information Plaintiff provides regarding his correspondence to Defendant is that he "notified [Defendant] in writing about the Discrepancies on both transfer statement[s]." Plaintiff fails to sufficiently allege that the correspondence he sent to Defendant constituted a "qualified written request" under § 2605(e)(1), which would require Defendant to submit a

written response in 20 days. This claim is therefore dismissed without prejudice. Plaintiff may file an amended complaint with additional facts to support his RESPA claims.[1]

## B. Count II

Plaintiff alleges that, on around November 2010, Defendant incorrectly reported to three credit reporting agencies (Transunion, Experian, and Equifax) that he had a past due balance on both of his mortgage loans. Although Count II is entitled "Fraud," he alleges violations of two statutes, 15 U.S.C. § 1681 and Fla. Stat. § 501.202, neither of which appears to contain a fraud element. I will therefore assume Plaintiff seeks to allege a common law fraud claim in addition to the two statutory violations noted above.

### 1. Violation of the Federal Fair Credit Reporting Act, 15 U.S.C § 1681

Plaintiff alleges that Defendant violated the FCRA when it "willfully . . . filed false information" in Plaintiff's credit report "to cause financial injury." In support of this claim, Plaintiff cites to "1681(i)(5)," which does not exist.

Section 1681i provides for the procedures that a consumer reporting agency must undertake when a consumer disputes the accuracy of information contained in the consumer's file. A "consumer reporting agency" is defined as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

Plaintiff does not allege that Defendant is a consumer reporting agency. Instead, Plaintiff's Complaint alleges that Defendant is a loan servicer and was the furnisher of

---

[1] I also note that Plaintiff's RESPA claims fail because he does not allege that he suffered any damages as a result of Defendant's alleged violations of law, as required under § 2605(f).

information to the consumer reporting agencies.  Plaintiff therefore fails to sufficiently allege that Defendant violated 15 U.S.C. § 1681i.  This claim is dismissed without prejudice.

### 2.  Violation of Florida Unfair and Deceptive Trade Practices Act, § 501.202

Plaintiff raises a claim under FUDTPA, citing section 501.202.  However, that statute merely states the purposes and rules of construction under FUDTPA; it does not raise a cause of action.  Plaintiff does not cite to any other section within the Act that is relevant to this case.  Plaintiff also fails to specify which facts, if any, raise a FUDTPA cause of action.  If Plaintiff believes Defendant violated a provision under FUDTPA, he must provide adequate notice to Defendant and this Court of which provision it is.  Fed. R. Civ. P. 8(a).  Plaintiff's claim under Fla. Stat § 501.202 is dismissed with prejudice, but Plaintiff may file an amended complaint citing to an appropriate provision of FUDTPA or clarifying what facts apply to that cause of action.

### 3.  Fraud Claim

Finally, it appears that Plaintiff also seeks to raise a cause of action for fraud in the second count of his Complaint, entitled "Fraud."  In support of this claim, Plaintiff alleges that Defendant "willfully . . . filed false information in [his] credit files or credit report to cause financial injury," and "knowingly made false representations[s] to the credit reporting agencies that both mortgages have been [*sic*] disputed by [him]."

The elements of fraud under Florida law are:  "(1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation."  *Horne v. Social Sec. Admin.*, 359 F. App'x 138, 145 (11th Cir.

2010) (quoting *Lopez-Infante v. Union Cent. Life Ins. Co.*, 809 So. 2d 13, 15 (Fla. Dist. Ct. App. 2002)).

Pursuant to Federal Rule of Civil Procedure 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). The Eleventh Circuit has clarified that, to satisfy Rule 9(b), a plaintiff must set forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). "Allegations of date, time, or place satisfy the requirement of Rule 9(b) that the circumstances of the fraud be alleged with particularity, but alternative means are also available to satisfy the rule." *Jackson v. Genesys Credit Mgmt.*, No. 06-61500, 2007 WL 4181024, at *3 (S.D. Fla. Nov. 21, 2007) (citing *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988)).

Plaintiff fails to allege the elements of fraud with particularity. Reading the Complaint liberally and as a whole, Plaintiff alleges that, on around November 2010, Defendant falsely informed credit reporting agencies that he had past due balances on both of his mortgage loans. Plaintiff alleges that Defendant made this misrepresentation knowing the information was false. Plaintiff does not allege how or why Defendant knew of should have known the information was false. Plaintiff also fails to allege Defendant intended to induce another's reliance on the

8

statement or that the misrepresentations resulted in injury to the party relying on the misrepresentations. Thus, this claim is dismissed without prejudice.

### C. Count III-Violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692g

Plaintiff alleges that Defendant violated FDCPA, 15 U.S.C. § 1692g, by failing to provide him with a "notification of debt." Section 1692g requires a debt collector to send the consumer, in connection with the collection of any debt, a written notice within five days after an initial communication with the consumer, unless the debt collector's initial communication already contained certain information specified by statute.

Plaintiff fails to sufficiently allege a cause of action under 15 U.S.C. § 1692g. "In order to prevail on an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011). Plaintiff fails to allege that the Defendant is a "debt collector," as that term is defined in 15 U.S.C. § 1692a(6). Rather, Plaintiff alleges that Defendant is a mortgage servicing company. A mortgage servicing company cannot be liable as a debt collector under § 1692 if a loan it services is not in default at the time of transfer or assignment. *See Bentley*, 773 F. Supp. 2d at 1371; *Locke v. Wells Fargo Home Mortg.*, No. 10-60286, 2010 WL 4941456, at *2 (S.D. Fla. Nov. 30, 2010). Plaintiff does not allege that his mortgage loans were in default at the time of transfer or assignment. If he was not in default, Defendant cannot be a "debt collector" pursuant to § 1692. This claim is dismissed without prejudice. Plaintiff may reassert this claim if he can allege that his mortgage loans were in default at the time of transfer or assignment.

**D. Count IV- Breach of Contract**

Plaintiff's final claim (left unnumbered) is for breach of contract. To establish a breach of contract claim, the plaintiff must allege the existence of (1) a valid contract, (2) a material breach, and (3) damages. *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999).

Plaintiff alleges that his mortgage contract provides that "if the mortgage loan is transferred to a new loan servicer, the successor servicer must retain possession of the Loan Documents and Mortgage Notice." According to Plaintiff's Complaint, Defendant materially breached the terms of the mortgage contract because it "never have or retain [*sic*] possession of both mortgage loan[s], a clear violation of the mortgage contract." With respect to damages, Plaintiff alleges that Defendant made misrepresentations regarding his loans, which constitutes "a gross reprehensible act that is causing me financial injury."

Plaintiff does not cite to a provision in the contract [2] that requires Defendant to retain possession of Plaintiff's mortgages upon transfer. The copy of the contract that Plaintiff provided to the Court is of poor quality, but in reviewing the parts that are legible, this Court could not find such a provision. Additionally, Plaintiff does not allege that Defendant has transferred the loan to another party. Even assuming the provision exists and constitutes a material breach of the contract, Plaintiff fails to sufficiently allege the nature of his damages

---

[2] Plaintiff attached a copy of his mortgage agreement to a supplement to Response to Defendant's Motion. "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document if that document is central to the plaintiff's claims." *Daewoo Motor Am., Inc. v. Gen. Motors*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," *i.e.* "the authenticity of the document is not challenged"). Defendant has not challenged the authenticity of the mortgage contract Plaintiff attached to his Response. The mortgage contract is central to the Plaintiff's claim for breach of contract.

10

beyond a generalized reference to "financial injury." This claim is therefore dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 17) is **GRANTED**. Counts I, II (except for the claim pursuant to Fla. Stat. § 501.202), III, and IV are dismissed without prejudice. Plaintiff's claim pursuant to Fla. Stat. § 501.202 is dismissed with prejudice. The Clerk is directed to **administratively CLOSE** this case. Plaintiff may file an Amended Complaint <u>within twenty-one days from the date of this Order</u>.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16th day of September 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*