UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60560-Civ-COOKE/TURNOFF

PAUL A. JACKSON,

    Plaintiff
vs.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss. (ECF No. 35). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion is granted.

### I. BACKGROUND

The following facts are taken from the Plaintiff's Amended Complaint (ECF No. 24) and the documents attached thereto. Pro se Plaintiff Paul A. Jackson entered into two mortgage loan agreements in the amounts of $212,000.00 and $53,000.00 with non-party WMC Mortgages Corp. On December 13, 2006, WMC Mortgages Corp. transferred the mortgages to non-party Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff asserts that he defaulted on the mortgage loans in December 2006. On August 11, 2010, Plaintiff received two letters indicating that Wells Fargo was transferring both mortgage loans to Defendant Ocwen Loan Servicing, LLC ("Ocwen"), effective September 2010. On August 17, 2010, Plaintiff alleges that he notified Defendant in writing about certain perceived discrepancies in the transfer notice. Plaintiff states that Defendant refused to respond to his letter. Plaintiff also states that, in the first week of September, Defendant sent him two letters identifying the mortgage loans and demanding

payment of the balance of each loan. In November 2010, Plaintiff claims that Defendant falsely reported to three credit reporting bureaus (Transunion, Experian, and Equifax) that Plaintiff had a past due balance on both of the mortgage loans.

On around March 15, 2011, Plaintiff filed an initial complaint with this Court. On September 16, 2011, I dismissed Plaintiff's Complaint with leave to amend. In his Amended Complaint, Plaintiff asserts causes of action[1] based on violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (2011), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(a)(f), and the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g) (2010). Plaintiff also alleges common law claims for fraud and breach of contract. Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

---

[1] Because Plaintiff did not number the counts in his Amended Complaint, and they are not, at times, presented in a linear fashion, I will refer to the claims by name.

2

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint is subject to dismissal under Rule 12(b)(6) "when the allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs, Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

### III. ANALYSIS

#### A. RESPA Violation

Plaintiff alleges that Defendant violated RESPA, 12 U.S.C. § 2605, by failing to respond to his written inquiry regarding his mortgage loans. Defendant argues that the claim should be dismissed because Plaintiff fails to allege sufficient facts to establish the existence of a statutory violation. Under RESPA, a mortgage loan servicer must respond to a qualified written request from the borrower within twenty days (excluding legal public holidays and weekends) unless the action requested is taken within that period. *See* 12 U.S.C. § 2605(e)(1)(A). A "qualified written request" is written correspondence that:

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

§ 2605(e)(1)(B). Failure to comply with these provisions results in liability to an individual for any actual damages or additional damages in the case of a pattern or practice of noncompliance. *See* § 2605(f).

In his Amended Complaint, Plaintiff attaches a letter that he asserts is a "qualified written request" for information. The letter indicates Plaintiff's name and account number, satisfying § 2605(e)(1)(B)(i). Although not the model of clarity, Plaintiff's letter states the reasons why he believes the account is in error, in compliance with § 2605(e)(1)(B)(ii). Through the letter, Plaintiff notified Defendant that he believed the loans were in default with the prior lender and that they should not have been transferred. Further, he requested copies of the original mortgage loans, the "chain of custody," and additional information about the status of the defaulted loans. Plaintiff alleges that he did not receive a response to his inquiry.[2]

Having determined that Plaintiff has alleged sufficient facts to show Defendant's non-compliance with RESPA, I will turn to whether Plaintiff has sufficiently alleged causation and damages pursuant to the statute. To state a claim under RESPA, Plaintiff must allege facts showing he suffered actual damages or is entitled to statutory damages. *See Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010). Plaintiff must also allege a causal link between the claimed damages and Defendant's alleged RESPA violation. *See Habib v. Bank of America Corp.*, No. 10-04079, 2011 WL 2580971, at *4 (N.D. Ga. Mar. 15, 2011); *see also*

---

[2] In its Motion, Defendant attaches a response it claims it sent to Plaintiff in response to his inquiry. A district court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Undisputed means that "the authenticity of the document is not challenged." *Id*. Plaintiff claims he never received a response from Defendant. Keeping in mind Plaintiff's pro se status, I will construe Plaintiff's claim that he never received any letter regarding his inquiry as a challenge to the authenticity of Defendant's letter.
Even if this Court were to accept the letter as authentic, it would not result in dismissal of Plaintiff's claim. Section 2605(e)(1)(A) provides that a servicer that receives a qualified written request from a borrower "shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." Section 2605(e)(2) provides that the servicer must take action within sixty days. The qualified written request is dated August 17, 2010. Defendant's response is dated November 30, 2010, long after the twenty-day written acknowledgment period and the sixty-day action period.

4

*McLean v. GMAC Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009), *aff'd*, 398 F. App'x 467 (11th Cir. 2010).

Plaintiff provides nothing more than a conclusory statement that he has suffered "detriment and financial injury." Liberal construction of pro se pleadings does not relieve Plaintiff of the obligation of providing Defendant with notice of the facts that support the grounds for his claim. Plaintiff need not plead his damages to a sum certain, but he must provide facts that show he suffered actual damages or is entitled to statutory damages. *See Amaral v. Wachovia Mortg. Co.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010) (noting that plaintiffs' allegation they were subjected to actual damages "is not a factual allegation of damage to Plaintiff[s]; it is a conclusory statement of law."). It is unclear, drawing all inferences in favor of Plaintiff, what the nature of his financial injury might be and how Defendant's failure to respond to his inquiry caused that injury. This claim is therefore dismissed without prejudice.

**B.  FCRA Violation**

Plaintiff alleges that Defendant violated the FCRA by reporting false information to three credit bureaus. Plaintiff cites to 15 U.S.C. § 1681a(f) to support his claim. Section 1681a(f) does not create a cause of action. Rather, it provides the definition for a "consumer reporting agency," which is:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

A "consumer report" is a report that a consumer reporting agency compiles and transmits in written, oral, or other form, and which bears on a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living."

15 U.S.C. § 1681a(d)(1). Section 1681a(d)(2) expressly excludes from the term "consumer reports" those communications "containing information solely as to transactions or experiences between the consumer and the person making the report."

Pursuant to § 1681a(d), when a financial institution "furnishes information based solely on its own experience with a consumer, it is not a consumer reporting agency." *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1579 (11th Cir. 1988). This is because the FCRA "is not directed to those who supply information on individual debts to consumer reporting agencies, nor to those who are remote from those decisionmakers who rely upon 'consumer reports' in making credit and other decisions." *Id*. (internal quotation marks omitted); *DiGianni v. Stern's*, 26 F.3d 346, 349 (2nd Cir. 1994) ("The FCRA does not impose obligations upon a creditor who merely passes along information concerning particular debts owed to it.").

Plaintiff fails to sufficiently allege that Defendant is a consumer reporting agency under the definition provided in § 1681a(f). Plaintiff's Amended Complaint indicates that Defendant is a loan servicer. Plaintiff alleges that Defendant reported to credit agencies that he defaulted on his loans. Plaintiff also admits that he did, in fact, default on his mortgage loans. Plaintiff's Amended Complaint indicates that Defendant is a creditor who merely passed along information concerning debts owed to it. Plaintiff has not asserted any facts that would indicate that Defendant regularly compiles credit information for the purposes of furnishing consumer reports to third parties. This is Plaintiff's second attempt to make out an FCRA claim. Even a liberal reading of Plaintiff's Complaint makes clear that Defendant acted as a creditor, and furnished information to the credit bureaus based on its experience with Plaintiff. Section 1681a(d) therefore excludes Defendant from the FCRA's requirements. For these reasons, this claim is dismissed with prejudice.

**C. FDCPA Violation**

Plaintiff alleges that Defendant violated the FDCPA, 15 U.S.C. § 1692g, by failing to provide proper notice of debt, as set forth in § 1692g(a). To sustain such a claim, a plaintiff must assert facts showing that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (internal quotations omitted).

Section 1692g requires a debt collector to send the consumer a written notice containing certain specified information within five days after an initial communication with the consumer, unless the debt collector's initial communication already contained that information specified by the statute. Of relevance here, § 1692g(a)(3) provides that a debt collector's written notice to a consumer must include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). A mortgage servicing company may be liable as a debt collector under § 1692 if a loan it services was in default at the time of transfer or assignment. *See Bentley*, 773 F. Supp. 2d at 1371.

Plaintiff alleges that his mortgage loans have been in default since December 2006, years before their transfer to Defendant. Defendant may therefore qualify as a debt collector under §1692g. Plaintiff also alleges that Defendant's written notice did not inform him that he could dispute the validity of the debt within thirty days. Taking the allegations in Plaintiff's Amended Complaint as true, Plaintiff has sufficiently pled that Defendant violated the FDCPA.

A debt collector who fails to comply with the FDCPA may be liable for actual damages and statutory damages of up to $1,000. 15 U.S.C. § 1692(k). Plaintiff fails to plead any facts

7

showing actual damages related to Defendant's failure to provide full notification under § 1692g. As noted above, Plaintiff must plead sufficient facts to show Defendant's actions injured him; he does not need to provide specific sums, but must provide facts to support his request for damages. In fact, Plaintiff's allegations seem to undermine the existence of any actual damages. Plaintiff alleges that Defendant's notice was insufficient because it failed to notify him that he could dispute the validity of the debt within thirty days. Even assuming he was not notified of the right to dispute the debt, it does not appear that Plaintiff was damaged because he sent a letter to Defendant disputing the validity of the loans within approximately one week of his receipt of Defendant's balance statements.

Although Plaintiff does not seek statutory damages in his Amended Complaint, this Court will grant him leave to amend his FDCPA claim to add that request for relief, if he believes such damages are appropriate. Plaintiff may also add facts related to his actual damages, if any. This claim is therefore dismissed without prejudice.

**D. Fraud**

Plaintiff states a claim for fraud, asserting that the Defendant devised a "deceptive" scheme to furnish the three credit bureaus with false information, inducing the bureaus to report incorrect financial information, and that the credit bureaus relied on the misrepresentations Defendant made.[3] Under Florida law, the elements for fraud are: "(1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Horne v. Social Sec. Admin.*, 359 F. App'x 138, 145 (11th Cir. 2010) (internal quotations omitted). A party alleging fraud "must state with

---

[3] Plaintiff cites Chapter 817 "Fraudulent Practices" of the Florida Statutes in support of his fraud claim. Because this is a criminal statute, it is inapplicable in this civil action. I will therefore analyze Plaintiff's fraud allegations under Florida common law.

particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff may satisfy the particularity requirement by pleading facts that show: "(1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks*, 116 F.3d at 1371).

Plaintiff fails to state a claim for fraud. Plaintiff asserts that Defendant falsely informed the three credit bureaus that he had past due balances on both mortgage loans and that the loans were in foreclosure. He also states that the loan amounts Defendant reported were incorrect. Plaintiff's Amended Complaint, however, seems to refute his allegations regarding fraud. Plaintiff admits that he defaulted on his mortgage loans. Although he states that Defendant's notifications to be him are contradictory as to the amount he owes, the documents he attaches to his Amended Complaint are consistent as to the balance due on his mortgage loans. Thus, Plaintiff's allegations that Defendant falsely informed the credit bureaus that he had past due balances on his mortgage loans do not hold water. Taking Plaintiff's allegations as true, it appears that those statements were not false.

Plaintiff also alleges that Defendant falsely informed the three credit bureaus that his loans were in foreclosure, and attaches a statement he received from Defendant in support of his claim. The balance statement—which Defendant sent to Plaintiff, not the credit bureaus—notes that "[o]ur records indicate that your loan is in foreclosure. Accordingly, this statement may be

for informational purposes only." Plaintiff alleges his loan was not in foreclosure, and Plaintiff relies on the balance statement to show Defendant committed fraud.

Plaintiff fails to sufficiently state a fraud claim based on Defendant's assertion to him that his loans were in foreclosure. Plaintiff makes conclusory statements that Defendant devised a "deceptive scheme" to furnish false information to the credit bureaus and informed *him* in a balance statement that the loans were in foreclosure. Plaintiff alleges no facts from which this Court may infer any fraudulent intent. Plaintiff fails to allege any facts related to the times and places the misrepresentations were made, the people involved in the misrepresentations, or what Defendants obtained as a consequence of the alleged fraud. Further, Plaintiff does not allege how or why Defendant knew that the information reported about the status of the mortgage loans was false. Accordingly, Plaintiff's fraud claim is dismissed without prejudice.

**E. Breach of Contract**

Finally, Plaintiff asserts a claim for breach of contract. To establish this claim, a plaintiff must allege the existence of (1) a valid contract, (2) a material breach, and (3) damages. *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999).

According to Plaintiff, Defendant breached the mortgage contract by violating RESPA and the FDCPA. To establish a claim for breach of contract, Plaintiff must identify a breach of a contractual provision, not the violation of separate statutory law. Plaintiff also fails to state that he suffered any damages as a result of the alleged breach. Having failed to identify a material breach of the contract or resulting damages, Plaintiff's breach of contract claim is dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Ocwen's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 24) is **GRANTED**, as follows:

1. Plaintiff's FCRA claim is **DISMISSED** with prejudice.

2. Plaintiff's RESPA, FDCPA, Fraud, and Breach of Contract claims are **DISMISSED** without prejudice.  Plaintiff may file a Second Amended Complaint <u>within twenty-one days from the date of this Order</u>.

**DONE and ORDERED** in chambers, at Miami, Florida, this 14th day of March 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*
*Paul A. Jackson, pro se*